IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01660-BO-RN

DEBORAH RUFFIN, *individually and* )
*on behalf of all others similarly situated,* )
           Plaintiff, )
 )
v. )         O R D E R
 )
CVS PHARMACY, INC., )
          Defendant. )
 )

This matter comes before the Court on the unopposed motion of Plaintiff Ruffin seeking preliminary approval of a settlement agreement [DE 22] between herself and the Defendant. Also before the Court are three motions [DE 18, 19, and 20] for extensions of time to file responsive pleadings.

BACKGROUND

In this putative class action, the Plaintiff has brought suit against Defendant CVS Pharmacy on behalf of herself and all others similarly situated for economic losses resulting from purchasing over-the-counter lubricated eye drops that were unsafe due to bacterial contamination. [DE 23 at 2–4]. After limited discovery and settlement negotiations, the parties entered into a settlement agreement that now comes before the Court for preliminary approval.

PRELIMINARY APPROVAL OF SETTLEMENT

Having reviewed the pleadings, filings, and proposed settlement agreement, the Court GRANTS the motion for preliminary approval [DE 22]. It is hereby ORDERED, DECREED, and ADJUDGED as follows:

I.    **Initial Approval**

1. Terms and phrases in this Order shall have the same meaning as in the Settlement

Agreement.

2.  The Parties have moved the Court for an Order preliminarily approving the settlement of the Actions in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised of the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Fairness Hearing referred to in Paragraph 5 of this Order.

3.  This Court finds that it has jurisdiction over the subject matter of the Action and over all Parties to the Action.

4.  The Court finds that, subject to the Fairness Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, and / or appeal. The Court also finds, for settlement purposes only, that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Fairness Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by CVS or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

2

## II. Fairness Hearing

5. The Fairness Hearing shall be held before this Court on **August 18, 2025,** at the J. Herbert W. Small Federal Building and U.S. Courthouse, located at **306 East Main Street, Elizabeth City,** North Carolina 27909. The purpose of the Fairness Hearing will be to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of service awards to the Class Representatives. The Court may adjourn the Fairness hearing without further notice to members of the Settlement Class.

6. Class Counsel shall file papers in support of their Fee Award and Class Representative Incentive Awards (collectively, the "Fee Petition") with the Court on or before **June 27, 2025.**

7. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before **August 11, 2025.**

## III. Certification of the Settlement Class

8. For purposes of Settlement only: (a) the Poulin Willey Anastopoulo, LLC is appointed as Class Counsel for the Settlement Class; and (b) Deborah Ruffin is the named Class Representative. The Court finds that Poulin Willey Anastopoulo, LLC are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Deborah Ruffin will adequately protect the interests of the Settlement Class defined below.

9. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> "All persons in the United States who purchased Recalled Products during the Class Period."

3

The "Recalled Products" are the nine CVS store-brand eye drop products listed by product name, NDC number, and SKU number in Exhibit A of the Settlement Agreement; the Class Period is October 1, 2021, to October 25, 2023.

10. The Court finds, subject to the Fairness Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

11. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's approval of settlement class certification shall be vacated.

**IV.    Notice and Administration**

12. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B and C thereto (the "Notice Forms"). The Notice Plan shall be commenced by **May 12, 2025,** as outlined in Section 4, *Notice to the Class*, of the Settlement Agreement. The Court finds that this multi-prong Notice process is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal

4

Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonable calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. Pursuant to Section 4 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail and email, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

**V.      Requests for Exclusion from the Class**

14. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class. Any such person may do so if, on or before the Objection / Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the

5

Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection / Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, a signature, the name and number of the case (*Ruffin et. al. v. CVS Pharmacy, Inc.*, No. 7:23-cv-01660-BO-RN in the United States District Court for the Eastern District of North Carolina, Southern Division) and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So-called "mass" or "class" opt-outs shall not be allowed.

16. Individuals who opt-out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they subsequently requested exclusion from the Settlement Agreement.

## VI. Appearances and Objections

17. Any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class and who chooses to appear at the Fairness Hearing must enter an appearance in the Action, at their own expense, individually or through counsel of their own choice no later than the Objection / Exclusion Deadline. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

18. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Actions with prejudice in accordance with the terms of the

Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection / Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the settlement website. Members of the Class may object on their own or may do so through separate counsel at their own expense.

19. To object, members of the Class must sign and file a written objection no later than on or before the Objection / Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice. Specifically, the objection must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and CVS's Counsel may petition the Court for

discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

20. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 5, above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered in the Action; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative.

21. To be valid, objections by persons represented by counsel must be filed electronically on the docket. *Pro se* objectors may mail their objections to the Clerk of Court, U.S. District Court for the Eastern District of North Carolina, P.O. Box 25670, Raleigh, NC 27611, with a copy also sent to counsel for the parties as outlined in Section 10.19 of the Settlement Agreement.

**VII.    Further Matters**

22. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

24. The Court retains jurisdiction to consider all further applications arising out of or connected

8

with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25. Any Settlement Class Member who does not timely and validly request exclusion from the Class pursuant to Paragraphs 14 – 16 hereto: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against CVS and the other Released Parties, as more fully described in the Settlement Agreement.

26. Also pending before the Court are three joint motions for an extension of time in which to file an answer [DE 18, 19, and 20]. These motions, being made in compliance with Fed. R. Civ. P. 6(b)(1)(a), and for good cause shown, are GRANTED.

CONCLUSION

The motion for preliminary approval of the settlement [DE 22] is GRANTED. The motions for extensions of time to file [DE 18, DE 19, and DE 20] are likewise GRANTED. The Court ORDERS the following deadlines:

A. The Notice Plan shall be commenced by **May 12, 2025** (the "Notice Date") as outlined in Section 4 of the Settlement Agreement;

B. Objections shall be filed in accordance with Paragraph 21 of this Order on or before **July 11, 2025;**

C. Requests for Exclusion shall be submitted in accordance with Paragraph 14 of this Order on or before **July 11, 2025;**

D. Any Election Forms or Claim Forms shall be submitted on or before **July 11, 2025** (the "Claim Deadline");

E. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Service Award (collectively, the "Fee Petition") with the Court on or before **June 27, 2025;**

F. Papers in support of final approval of the Settlement Agreement, any responses to objections (if any), and supplementations to the Fee Petition shall be filed with the Court on or before **August 11, 2025;**

G. The Final Approval Hearing shall be held before this Court on **August 18, 2025,** at the J. Herbert W. Small Federal Building and U.S. Courthouse, located at **306 East Main Street, Elizabeth City,** North Carolina 27909. *at 2' PM,*

SO ORDERED, this *24* day of April 2025.


                                    _Terence Boyle_____
                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE

10