IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01660-BO-RN

DEBORAH RUFFIN, *individually and on behalf of all others similarly situated*, )
    Plaintiff, )
)
v. )     O R D E R
)
CVS PHARMACY, INC., )
    Defendant. )

This matter comes before the Court on the consent motion of Plaintiff Ruffin seeking an order restricting the use and disclosure of personally identifiable information [DE 28]. Having received the consent of the Defendant, this motion is GRANTED.

**WHEREAS** plaintiff Deborah Ruffin ("Plaintiff") and defendant CVS Pharmacy, Inc. ("CVS," and together with Plaintiff, the "Parties"), have entered a settlement agreement to resolve economic loss claims for a putative nationwide class of customers who purchased various store-brand over-the-counter lubricating eye drops and multi-action relief eye drops from CVS that were subject to a recall in Fall 2023;

**WHEREAS** Plaintiff filed a motion for preliminary approval of this proposed classwide settlement on February 18, 2025 [DE 22];

**WHEREAS** the Parties subsequently amended the settlement agreement, and Plaintiff filed the full settlement agreement (together with the amendment, the "Settlement Agreement") on the Court's docket on April 1, 2024 [DE 25];

**WHEREAS** the Court granted preliminary approval to the proposed Settlement Agreement on April 25, 2025 and directed Plaintiff to effectuate class notice pursuant to the Settlement [DE 27];

**WHEREAS** Plaintiff has retained A.B. Data Group (the "Settlement Administrator") to effectuate the approved class notice plan;

**WHEREAS** Plaintiff served CVS with a request for production on April 24, 2025, concerning the information that the Settlement Administrator requires to effectuate class notice as described in Section 4.1 of the Settlement Agreement;

**WHEREAS** Section 4.1 of the Settlement Agreement would require CVS to produce Personally Identifiable Information ("PII") for thousands of CVS customers from CVS's ExtraCare customer loyalty data for the purpose of executing notice to potential class members by e-mail and/or mail;

**WHEREAS** counsel for Plaintiff and for CVS have conferred regarding the PII that Plaintiff believes to be necessary to provide effective class notice under Federal Rule of Civil Procedure 23, and have identified the following fields as the minimum necessary for the purposes of class notice and verifying class member identity: name, ExtraCare account number, e-mail address, mailing address, phone number, and date of birth;

**THEREFORE,** the Court hereby **FINDS** and **ORDERS** the following:

CVS shall produce the (1) name, (2) ExtraCare account number, (3) e-mail address, (4) mailing address, (5) phone number, and (6) date of birth of each individual in the United States who purchased any of the Recalled Products (as defined in Section 1.31 of the Settlement Agreement) through their ExtraCare account between October 1, 2021, and October 25, 2023. CVS shall be required to collect and produce this information only to the extent such information can be ascertained from CVS's ExtraCare customer loyalty data through reasonable effort.

CVS or its counsel shall provide this information (the "ExtraCare Data") to the Settlement Administrator and Plaintiff's counsel pursuant to the Court's Scheduling Order.

Prior to execution of the class notice plan, Plaintiff's counsel shall be responsible for conducting—or ensuring that the Settlement Administrator conducts—a due diligence review of the name and address information to be used for class notice to ensure the protection of any PII in the ExtraCare Data. Such review shall include, but is not limited to:

- Checking all e-mail addresses to be used in e-mail notice through a hygiene and verification process to ensure the e-mail address is facially valid;

- Checking all mailing addresses to be used in mailed notice against the National Change of Address ("NCOA") database, to ensure the accuracy, formatting, and currency of mailing address information for proper formatting and mail delivery; and

- Further verifying all mailing addresses to be used in mailed notice through a Coding Accuracy Support System and Delivery Point Validation to further verify mailing address accuracy.

To the extent the Settlement Administrator concludes that this due diligence review has yielded a more current and/or accurate mailing address for a class member, the Settlement Administrator shall update the class member's address accordingly.

Any disclosure pursuant to this Order shall be designated as "Restricted Confidential Information." Absent consent of CVS or further order by this Court, access to Restricted Confidential Information shall be limited to the following persons:

- CVS and its agents, affiliates, and related entities;

- Counsel for the Parties, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

- The Settlement Administrator retained in this action;

- Stenographers engaged to transcribe depositions conducted in this action; and

- This Court, including any appellate court, and the court reporters and support personnel for the same.

Plaintiff's counsel and the Settlement Administrator may not use the Restricted Confidential Information obtained pursuant to this order for any purpose beyond effectuation of class notice and verification of class member identities. Within five (5) days of the Court's entry of this Order, Plaintiff's counsel and the Settlement Administrator shall sign a Non-Disclosure Agreement stating that that person has read this Order and agrees to be bound by its terms.[1]

This Order shall survive the termination of the litigation. Within 30 days of the latter of (a) final disposition of this action and/or (b) Plaintiff's counsel's certification that all claims administration work is completed, all ExtraCare Data, and all information contained within and all copies thereof, shall be promptly returned to CVS, or, upon permission of CVS, destroyed.

Willful violation of this Order could subject the Parties and any recipients of the ExtraCare Data to punishment for contempt of Court. This Court shall retain jurisdiction over all Parties and any recipients of the ExtraCare Data to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

This disclosure requires production of the PII of thousands of individual CVS customers, but the Court has determined the disclosure is the minimum necessary information to accomplish the stated purpose of the litigation. Disclosure of this information shall not, in and of itself, constitute any admission or suggestion that any individual qualifies as a member of any class certified by this Court, or an admission or suggestion that the individual is entitled to any relief. Pursuant to the terms of the Settlement Agreement, any such determinations as to qualification as

---

[1] This Order shall also apply to any future materials produced in this litigation that one or both Parties designate as "Restricted Confidential Information." Such materials may be designated as "Restricted Confidential Information" only in extraordinary circumstances where the material is subject to heightened need for confidentiality.

a class member or the recovery available to any such individual shall be determined pursuant to the procedures and criteria set forth in the Settlement Agreement.

SO ORDERED, this 11 day of June 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE